**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHARLES M., <br>         Plaintiff, <br>   v. <br><br> COMMISSIONER OF SOCIAL SECURITY <br>         Defendant. | Civil Action No.: 25-200 <br><br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

I.     **INTRODUCTION**

Before the Court is the appeal of Charles M.[1] ("Plaintiff") seeking review of a final decision by the Commissioner of Social Security ("Defendant") denying his application for disability insurance benefits ("DIB") and supplemental security income under the Social Security Act ("SSA" or the "Act"). ECF No. 1; *see also* ECF No. 6. Defendant opposed the appeal (ECF No. 8), and Plaintiff replied. ECF No. 9. This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is vacated and remanded for further proceedings.

II.     **BACKGROUND**

Plaintiff is a 50-year-old male with a high school education who previously worked as a clerical worker and grocery deliverer. ECF No. 4 ("R.") at 16, 19. Plaintiff filed for DIB and supplemental security income on September 1, 2022, alleging disability beginning September 1, 2021. R. at 10. Plaintiff asserted that he has been unable to engage in substantial gainful

---

[1] Pursuant to District of New Jersey standing order 2021-10, "any non-governmental party will be identified and referenced solely by first name and last initial" due to privacy concerns present in social security cases. D.N.J. Standing Order 2021-10; *see also Bryan S. v. Kijakazi*, No. 20-cv-11145, 2022 WL 2916072, at *1 n.1 (D.N.J. July 25, 2022).

employment due to osteoarthritis in his left hip, a meniscus tear is his right knee, a rotator cuff tear in his right arm, and obesity.  R. at 13, 274.  He also claimed lumbar spine pain.  R. at 14.

Plaintiff's application was denied initially and again on reconsideration.  R. at 10. Following a subsequent hearing, the ALJ concluded in a decision issued March 20, 2024, that Plaintiff was not disabled and denied his application.  R. at 10–21.  The Appeals Council denied Plaintiff's request for review on March 5, 2024.  R. at 1–6.  Plaintiff then brought the instant appeal on January 8, 2025.  ECF No. 1.

## III.  <u>LEGAL STANDARD</u>

### A.  Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3).  The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings.  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g).  Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and substantiated by substantial evidence.  *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted).  Substantial evidence is more than a mere scintilla and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted).  If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  In other words, under this deferential standard of review, the Court may

not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

**B.  Determining Disability**

In order to be eligible for benefits under the SSA, a claimant must show that he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Considering the claimant's age, education, and work experience, disability is evaluated by the claimant's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. *Id.* §§ 423(d)(2)(A); 1382c(a)(3)(B). A claimant is disabled for SSA purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

Decisions regarding disability are made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)).  Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382(a)(3)(D).

**C.  Sequential Evaluation for a Continuing Disability**

3

The Social Security Administration follows a five-step, sequential evaluation to determine whether a claimant is disabled under the SSA. 20 C.F.R. §§ 404.1520, 416.920.

First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Sykes*, 228 F.3d at 262. Second, if the claimant is not engaged in such activity, the ALJ determines whether the claimant has any impairments severe enough to limit his ability to work. *Id.* Third, if he has any severe impairments, the ALJ considers the medical evidence to determine whether the impairment or combination of impairments is included in 20 C.F.R. Part 404, Subpt. P, App. 1 (the "Listings"). If the claimant's impairment(s) medically equal one of the Listings, this results in a presumption of disability. *Sykes*, 228 F.3d at 262. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite his impairment. *Id.* at 263. Fourth, the ALJ must consider whether the claimant's RFC is adequate to perform his past relevant work. *Id.* Fifth, if his RFC is not sufficient to perform past work, the ALJ must determine whether there is other work in the national economy the claimant can perform. *Id.*

The evaluation continues through each step unless it is ascertained at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the ultimate burden of establishing steps one through four of this test. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 202 (3d Cir. 2019). The burden shifts to the Commissioner at step five to prove that the claimant can perform a job that exists in the national economy. *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004).

IV.    **DISCUSSION**

    **A. Summary of the ALJ's Decision**

After considering the evidence and following the five-step analysis outlined in 20 C.F.R. § 404.1520(a), the ALJ found that Plaintiff was not disabled during the relevant period.  R. at 20.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period.  R. at 13.

At step two, the ALJ found that Plaintiff had the following severe impairments: left hip osteoarthritis, right knee disorders, and obesity.  R. at 13–14.  The ALJ also found that Plaintiff had nonsevere medically determinable impairments of hypertension, hypercholesterolemia, and hypothyroidism.  *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings.  R. at 14–15

The ALJ then determined that Plaintiff had an RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that Plaintiff could "occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance and stoop; never kneel, crouch, or crawl; tolerate occasional exposure to vibration; and no exposure to hazards such as unprotected heights, dangerous machinery, or operating a motor vehicle."  R. at 15–18.

At step four, the ALJ determined that Plaintiff could perform past relevant work as a clerical worker but not as a missionary, crediting the testimony of the vocational expert.  R. at 18–19.

In the alternative, at step five, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy.  R. at 19–20.  Accordingly, the ALJ concluded that Plaintiff has not been under a disability during the relevant period.  R. at 20.

**B.  Plaintiff's Argument on Appeal**

Plaintiff argues on appeal that the ALJ's decision was not supported by substantial evidence because he failed to adequately explain the RFC assessment.  ECF No. 6 at 4, 12–16.  The Court agrees and will remand on this basis.[2]

In rendering an RFC assessment for a claimant, the ALJ must "provide a 'clear and satisfactory explication' of the basis on which his determination rests." *Mays v. Barnhart*, 78 F. App'x 808, 812 (3d Cir. 2003) (quoting *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)).  The ALJ thus "has a . . . duty to provide an explanation of how the evidence serves as the basis for his RFC determination." *Collins v. Kijakazi*, No. 20-1206, 2022 WL 1697376, at *8 (M.D. Pa. May 26, 2022).  And although the ALJ must consider certain evidence, such as "statements of the individual concerning his or her symptoms," he does not need to credit any particular piece of evidence.  *Chandler*, 667 F.3d at 363 (citations omitted).  Still, in weighing "the credibility of the evidence, [the ALJ] must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001).  This includes "explain[ing] which of an individual's symptoms he or she finds consistent or inconsistent with the evidence in the record." *Robert M. v. Kijakazi*, No. 22-1476, 2023 WL 5839299, at *5 (M.D. Pa. Aug. 7, 2023) (citation omitted), *report and recommendation adopted*, 2023 WL 5628604 (M.D. Pa. Aug. 31, 2023).  The failure to provide an adequate explanation precludes a court from meaningfully reviewing the ALJ's RFC assessment and warrants vacating the decision and remanding for further proceedings.  *Dixon v. Comm'r of Soc. Sec.*, No. 19-10205, 2020 WL

---

[2] Plaintiff also contends that the ALJ failed to rely on any medical opinion in reaching his RFC conclusion.  ECF No. 6 at 4, 16–17.  Because the Court finds that the ALJ did not adequately explain the RFC assessment, it does not reach this argument.  The Court notes, however, that there is no absolute requirement that an ALJ rely on any medical opinion or outside expert assistance in rendering the RFC assessment.  *See, e.g.*, *Laura F. v. Dudek*, No. 23-68, 2025 WL 1111311, at *10 (D.N.J. Apr. 15, 2025) ("[T]he ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." (quoting *Chandler*, 667 F.3d at 362)); *Jeff H. v. Comm'r of Soc. Sec.*, No. 23-21384, 2024 WL 3873937, at *5 (D.N.J. Aug. 20, 2024) (recognizing that the ALJ has the "exclusive responsibility of making an RFC determination" even where "there is no medical opinion which corroborates the ALJ's finding[s]").

4696746, at *2 (D.N.J. Aug. 13, 2020) (remanding where the ALJ's decision did not explain how the evidence led to the particular RFC assessment and thus was "not amenable to meaningful review" (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000))).

The ALJ's decision does not permit meaningful review of his RCF assessment. The ALJ found that Plaintiff had an RFC to perform sedentary work with certain limitations. R. at 15. Such work "requires the capacity to lift up to ten pounds, and during an eight-hour workday, sit for six hours and stand and/or walk for two hours." *Spadaccini v. Comm'r of Soc. Sec.*, No. 12-6246, 2013 WL 6054605, at *3 (D.N.J. Nov. 15, 2013) (citation omitted). Plaintiff testified that he "could sit in a chair for fewer than 15 minutes, stand unsupported for 15 minutes, and walk normally for 10 minutes before having to stop because of left hip and lower back pain." R. at 16. He also stated that he needs to lay down during the day for extended periods due to pain from his alleged symptoms. R. at 16–17. Plaintiff further testified to having to elevate his leg at times due to pain in his right knee that affects his ability to stand and walk. R. at 16–17.

After reviewing this testimony, the ALJ found that "the [Plaintiff's] statements about the intensity, persistence, and limiting effects of his . . . symptoms . . . are inconsistent because his testimony, as well as reports throughout the record[,] indicate a higher level of functioning than alleged." R. at 17. But the ALJ then went on to merely summarize Plaintiff's treatment records without explaining how this evidence was inconsistent with Plaintiff's testimony regarding Plaintiff's limitations or how that evidence supported the RFC assessment. R. at 17–18. This is insufficient for a reviewing court to assess the sufficiency of the evidence supporting the ALJ's decision. *See Collins*, 2022 WL 1697376, at *8 (finding insufficient the ALJ's "summariz[ing] the record evidence and then conclud[ing], without any real explanation, that this evidence supported the RFC" (quoting *Koshir v. Kijakazi*, No. 20-1441, 2022 WL 992529, at *4 (W.D. Pa.

Mar. 31, 2022))). Although the ALJ does reference some facts that appear to counter Plaintiff's testimony, including that Plaintiff has to sit in the car for some extended periods during the week, R. at 16, the decision does not connect such evidence with the ALJ's particular findings. *See Kennedy v. Saul*, No. 19-267, 2020 WL 5775179, at *4 (W.D. Pa. Sept. 28, 2020) (noting that the ALJ's decision lacked a "clear discussion connecting the dots between specific evidence of record and the ALJ's particular findings"). The decision thus does not allow this Court to discern how the evidence translates into the RFC to perform sedentary work. *See Dixon*, 2020 WL 4696746, at *1–2 (remanding where the ALJ's decision "contain[ed] a wealth of detail about the medical evidence" but then did not explain how that evidence led to the particular RFC assessment); *Ramos v. Kijakazi*, No. 20-2415, 2022 WL 3021375, at *5 (M.D. Pa. July 29, 2022) (remanding where the ALJ did not explain "how exactly [the] record evidence was considered" with respect to the RFC assessment); *Collins*, 2022 WL 1697376, at *8 (concluding that the court could not determine how the ALJ evaluated certain evidence for the purposes of the RFC absent any such explanation in the ALJ's decision). Thus, the Court must vacate the decision and remand for further proceedings.

V.    **CONCLUSION**

Accordingly, **IT IS** on this 16th day of March, 2026,

**ORDERED** that Plaintiff's appeal (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that the decision of the Administrative Law Judge is hereby **VACATED** and this matter is **REMANDED** for further proceedings in accordance with this Opinion; and it is further

**ORDERED** that the Clerk's Office shall mark this matter as **CLOSED**.

**SO ORDERED**.

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

8